UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MONSERRATE CARABALLO,
    *Plaintiff*,

v.

HOME DEPOT U.S.A., INC.,
    *Defendant.*

No. 3:21-cv-00252 (VAB)

**RULING AND ORDER ON MOTIONS IN LIMINE**

    Monserrate Caraballo ("Mr. Caraballo" or "Plaintiff") has sued Home Depot U.S.A., Inc. ("Home Depot" or "Defendant") under state common law tort for negligence, alleging that Defendant's negligent display of boxed tile resulted in injuries to Plaintiff's left eye. Compl., ECF No. 1, Ex. A (Feb. 26, 2021) ("Compl."). Following the Court's order denying summary judgment to Defendant, Home Depot filed six motions *in limine* seeking to exclude certain categories of argument, exhibits, evidence, and defenses [ECF Nos. 115, 116, 145]; to bifurcate the case into separate trials on liability and damages [ECF No. 113], to which Mr. Caraballo objected [ECF No. 118]; and to quash certain subpoenas [ECF Nos. 124, 125]. Mr. Caraballo filed two motions *in limine* seeking to exclude certain categories of argument and evidence [ECF No. 117], and to exclude testimony from Home Depot's expert, Dr. Robert Rauschenberger [ECF No. 122].

    For the reasons outlined below, these motions *in limine* have been addressed as follows:

    Home Depot's motion *in limine*, ECF No. 113 to bifurcate the case into separate trials on the issues of liability and damages, is **DENIED** without prejudice to renewal following the pre-trial conference.

1

Home Depot's motion *in limine*, ECF No. 115 to exclude certain evidence, testimony, or arguments is **GRANTED.**

Home Depot's motion *in limine*, ECF No. 116, to exclude certain exhibits from the Plaintiff's trial exhibit list is **GRANTED.**

Home Depot's motion *in limine*, ECF No. 145, to exclude certain exhibits from the Plaintiff's amended trial exhibit list is **GRANTED.**

Home Depot's motions *in limine*, ECF Nos. 124, 125, to quash certain subpoenas are **GRANTED.**

Mr. Caraballo's motion *in limine*, ECF No. 117, to exclude certain medical opinion evidence is **DENIED** without prejudice to renewal.

Mr. Caraballo's motion *in limine*, ECF No. 112, to exclude certain testimony by Dr. Rauschenberger is **GRANTED in part** and **DENIED in part.**

I.      FACTUAL AND PROCEDURAL BACKGROUND

Familiarity with the facts and prior proceedings, as detailed in the Court's June 7, 2024, Ruling and Order on Motions for Summary Judgment, is assumed. *See* Ruling and Order on Motions for Summary Judgment at 1–4, ECF No. 91.

On June 7, 2024, the Court denied Home Depot's motion for summary judgment. *Id.* at 1.

On February 3, 2025, parties filed their initial Joint Trial Memorandum. Joint Trial Mem., ECF No. 114.

Also on February 3, 2025, Home Depot filed its motion *in limine* to bifurcate the case into separate trials on the issues of liability and damages, Mot. in Lim. to Bifurcate Trial, ECF No. 113; to exclude certain categories of evidence, argument, and testimony, Mot. in Lim. Re.

Misc., ECF No. 115; and to exclude certain exhibits on Mr. Caraballo's initial exhibits list, Mot. in Lim. Re. Trial Exs., ECF No. 116.

On February 7, 2025, Mr. Caraballo filed a motion *in limine* to exclude certain arguments and evidence regarding his medical conditions, Mot. in Lim. Re. Medical Conditions, ECF No. 117; and an objection to Home Depot's motion to bifurcate, Obj. Mot. to Bifurcate, ECF No. 118.

On February 11, 2025, Mr. Caraballo filed a motion to preclude certain testimony from Home Depot's expert, Dr. Rauschenberger. Mot. in Lim. Re. Expert Test., ECF No. 122.

On February 13, 2025, Home Depot filed a motion to quash a subpoena served on Ms. Kathleen Eaton, Mot. to Quash re Eaton, ECF No. 124, and a motion to quash a subpoena served on Mr. Eric Paier, Mot. to Quash re Papier, ECF No. 125.

On March 4, 2025, Home Depot filed a response to Mr. Caraballo's motion to preclude certain testimony from Dr. Rauschenberger. Resp. to Mot. re Expert Test, ECF No, 126.

On April 16, 2025, the parties filed an amended joint trial memorandum. Am. Trial Mem., ECF. No. 127.

On May 1, 2025, at the parties' request, the Court referred to parties to a Magistrate Judge for a settlement conference. Order, ECF No 128.

On May 30, 2025, the parties participated in a settlement conference before Magistrate Judge Robert M. Spector but did not settle. Minute Entry, ECF No. 136.

On June 9, 2024, Home Depot filed an objection to Mr. Caraballo's amended trial exhibits list contained in the Amended Trial Memorandum. Def.'s Obj. to Pl's Suppl. Trial Exs., ECF No. 145.

## II.   STANDARD OF REVIEW

Motions *in limine* provide district courts the opportunity to rule in advance of trial on the admissibility and relevance of certain forecasted evidence. *See Luce v. United States*, 469 U.S. 38, 40 n.2 (1984); *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996). "A district court's inherent authority to manage the course of its trials encompasses the right to rule on motions *in limine*." *Highland Cap. Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 176 (S.D.N.Y. 2008).

A court should only exclude evidence on motions *in limine* if the evidence is clearly inadmissible on all potential grounds. *Levinson v. Westport Nat'l Bank*, No. 09-cv-1955 (VLB), 2013 WL 3280013, at *3 (D. Conn. June 27, 2013). The court also retains discretion to reserve judgment on some or all motions *in limine* until trial so that the motions are placed in the appropriate factual context. *See Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. L.E. Myers Co.*, 937 F. Supp. 276, 287 (S.D.N.Y. 1996).

## III.   DISCUSSION

### A.   Home Depot's Motions *in Limine*

Home Depot seeks to: (1) bifurcate the case into separate trials on the issues of liability and damages, ECF No. 113 at 1; (2) exclude any evidence, arguments, or testimony related to (a) Defendant's wealth or profit motive, (b) financial condition or insurance, (c) character evidence of Defendant, (d) suggestion that the jurors place themselves in the position of Plaintiff for purpose of assessing damages, (e) references to the plaintiff designed to elicit sympathy, (f) cumulative photographic evidence, (g) lay witness medical testimony or hearsay medical evidence, (h) items, objects, or witnesses not properly disclosed, and (i) exclude non-party witnesses from the courtroom. ECF No. 115; (3) exclude certain exhibits from Plaintiff's pre-

trial list, ECF Nos. 116, 145; (4) quash the subpoena served on Ms. Eaton, ECF No. 124; and (5) quash the subpoena served on Mr. Papier, ECF No. 125.

The Court will address each of these motions in turn.

> 1. *The Motion to Bifurcate the Case into Separate Trials on the Issues of Liability and Damages*

Fed. R. Civ. P. 42(b) provides that "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial." Bifurcation is within the district court's discretion and is decided on a case-by-case basis. *Svege v. Mercedes-Benz Credit Corp.*, 329 F. Supp. 2d 283, 284 (D. Conn. 2004); *Doe No. 1 v. Knights of Columbus*, 930 F. Supp. 2d 337, 379 (D. Conn. 2013). It is, however, the exception and not the rule, and the moving party bears the burden of establishing that bifurcation is warranted. *Svege*, 329 F. Supp. 2d at 284; *see also ABB Indus. Sys. V. Prime Tech., Inc.*, 32 F. Supp. 2d 38, 43 (D. Conn. 1998) (noting that bifurcation is not routinely ordered but that it may be appropriate "'where the evidence offered on two different issues will be wholly distinct'" or where "'litigation of one issue may obviate the need to try another.'") (citations omitted).

When considering whether to bifurcate, courts "should examine, among other factors, whether bifurcation is needed to avoid or minimize prejudice, whether it will produce economies in the trial of the matter, and whether bifurcation will lessen or eliminate the likelihood of juror confusion." *Svege*, 329 F. Supp. 2d at 284. Bifurcation also "may be appropriate where, for example, the litigation of the first issue might eliminate the need to litigate the second issue, or where one party will be prejudiced by evidence presented against another party." *Amato v. City of Saratoga Springs, N.Y.*, 170 F.3d 311, 316 (2d Cir. 1999) (citations omitted).

5

Home Depot argues that, without the bifurcation of the trial into separate trials on the issues of liability and damages, it would suffer unnecessary and undue prejudice. ECF No. 113 at 3. In its view, if the trial is not bifurcated, the introduction of evidence of "serious permanent injuries to [Plaintiff's] left eye" would elicit sympathy from the jury regardless of evidence of Home Depot's liability or Plaintiff's contributory negligence. *Id.* at 3–4.

Home Depot also argues that bifurcation will promote judicial efficiency. *Id.* at 5. In its view, bifurcation will be judicially efficient because if the verdict is in its favor on liability, then the "damages portion of the trial w[ould] be unnecessary." *Id.* at 5. Home Depot argues that, even if the jury were to find for Plaintiff on the issue of liability, "none or virtually none of the evidence that might be offered to prove the extent of damages suffered by the Plaintiff would be relevant to the issue of liability," thus avoiding the possibility of duplicating evidence regardless of the outcome of the liability portion of the trial. *Id.* at 6.

Mr. Caraballo responds that there are no efficiencies gained by bifurcation and that the trial should not be bifurcated because Mr. Caraballo's damages are relevant to Home Depot's liability. ECF No. 118 at 2. As to Home Depot's efficiency argument, he notes that he would have to testify at both trials and his damages expert would have to testify in both trials because Plaintiff's expert testimony would be relevant in both trials. *Id.*

The Court disagrees, in part.

At this time, the Court does not have sufficient information to exercise its discretion one way or the other. At the pre-trial conference, the parties should be prepared to more fully explain how they plan to argue and present evidence, at which point the Court will weigh the various factors it must consider and issue a ruling.

Accordingly, the Court will deny without prejudice to renewal at the pre-trial conference Home Depot's motion to bifurcate.

### 2. The Motion to Exclude Evidence, Argument Witnesses, or Testimony.

Mr. Caraballo has not filed any response or objection to Home Depot's motion *in limine* excluding various types of witnesses, evidence, arguments, and testimony. *See* ECF No. 115; *see also* D. Conn. L. Civ. R. 7(a)(2) ("Failure to submit a memorandum in opposition to a motion may be deemed sufficient cause to grant the motion, except where the pleading provide sufficient grounds to deny the motion.").

Accordingly, in the absence of any clearly identified reasons for denial, the Court will grant Home Depot's various requests to exclude any evidence, arguments, or testimony related to (1) Defendant's wealth or profit motive, (2) financial condition or insurance, (3) character evidence of Defendant, (4) suggestion that the jurors place themselves in the place of Plaintiff for purpose of assessing damages, (5) references to the plaintiff designed to elicit sympathy, (6) cumulative photographic evidence, (7) lay witness medical testimony or hearsay medical evidence, (8) items, objects, or witnesses not properly disclosed, as well as to exclude any non-party witnesses from the courtroom. ECF No. 115.

Of course, this Court's rulings on this motion *in limine* is "subject to change when the case unfolds, particularly if the actual testimony differs from what was [expected]." *Luce*, 469 U.S. at 41.

### 3. The Motion to Exclude Certain Exhibits on the Plaintiff's Trial Exhibit List

Home Depot has filed a motion *in limine* seeking to exclude Plaintiff's Exhibits 7–15, 26–40, 101, and 104–117 on various grounds including relevance, failure to authenticate and lay a proper foundation, that the probative value of the exhibits outweighed by the danger of undue

7

prejudice. *See* ECF No. 116 at 1–4 (citing Fed. R. Evid. 401, 402, 403, 802, 901). Home Depot also filed an objection to Mr. Caraballo's amended trial exhibit list, ECF No. 127-1, objecting to the inclusion of new trial exhibits 113, 114, and 184–201. ECF No. 145 at 1 (citing Fed. R. Evid. 402, 304, 802, and 901). Mr. Caraballo has not filed any responses to Home Depot's motions. *See* D. Conn. L. Civ. R. 7(a)(2) ("Failure to submit a memorandum in opposition to a motion may be deemed sufficient cause to grant the motion . . ..").[1]

Accordingly, given the issues identified by Home Depot, and the lack of any clearly identified reason for denial, Home Depot's motions to exclude certain exhibits proposed by Mr. Caraballo will be granted.

Of course, once again, this ruling is "subject to change when the case unfolds, particularly if the actual testimony differs from what was [expected]." *Luce*, 469 U.S. at 41.

### 4. The Motions to Quash Subpoenas

Home Depot filed motions to quash subpoenas served on two individuals, Ms. Eaton, ECF No. 124, and Mr. Papier, ECF No. 125, to which Mr. Caraballo has not responded.

Home Depot argues that, under Federal Rule of Civil Procedure 45(c), the Court may issue a subpoena for a person to attend a trial, hearing, or deposition only, "(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person (i) is a party or a party's officer; or (ii) is commanded to attend a trial and would not incur substantial expense." Fed R. Civ. P. 45(c)(1).

---

[1] Because Home Deport only recently objected to some of Mr. Caraballo's amended trial exhibit list, ECF No. 127-1, the Court certainly will provide him an opportunity to address these issues at the upcoming final pre-trial conference.

But, according to Home Depot, Ms. Eaton is a resident of Georgia, not a party to the suit, and would be subject to undue burden if required to appear. ECF No. 124 at 1–3. *See City of Almaty, Kazakhstan v. Sater*, 19-CV-2645 (JGK) (KHP), 2023 WL 2088173, at *2 (S.D.N.Y. Feb. 16, 2023) ("Plaintiffs have fallen far short of what is necessary to satisfy Rule 45's requirement that the person subject to the subpoena 'regularly' conduct business within 100 miles of the District where the deposition subpoena was issued."); *see also Highmore Financing Co. I, LLC v. Greig Comps., Inc.*, 21-CBV-11021 (AT) (JW), 2023 WL 3817332, at *1 (S.D.N.Y. June 5, 2023) ("FRCP 45 is specific to the actual individuals being deposed rather than the business as a whole." (citations omitted)). And, Mr. Papier is a resident of Illinois, not a party to the suit, and would be subject to undue burden if required to appear. ECF No. 125 1–3. Although Home Depot raises other arguments in moving to quash these subpoenas, the presence of these witnesses beyond the scope of this Court's authority is a more than sufficient basis to justify quashing them. *See City of Almaty*, 2023 WL 2088173, at *1 ("However, the subpoena should be quashed for the more substantive reason that it does not comply with Rule 45's geographic limitations.").

Accordingly, the motions to quash the subpoenas of Ms. Eaton and Mr. Papier will be granted.

### B. Mr. Caraballo's Motions *In Limine*

#### 1. *The Motion Related to Plaintiff's Medical Conditions*

Federal Rule of Evidence 701 permits lay opinion testimony that is "rationally based on the witness's perception" or "helpful to clearly understanding the witness's testimony or to determining a fact in issue," and "not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. Generally, a rational perception is

one that involves firsthand knowledge or observation. *U.S. v. Yannotti*, 541 F.3d 112, 125 (2d Cir. 2008). "Where the jury is 'in as good a position as the witness to draw the inference' to which the opinion relates, the opinion is not helpful and should not be admitted." *U.S. v. Walker*, 974 F.3d 193, 205 (2d Cir. 2020) (quoting *U.S. v. Rea*, 958 F.2d 1206, 1216 (2d Cir. 1992)).

By contrast, Federal Rule of Evidence 702 allows for expert testimony if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied principles and methods to the facts of the case." Fed. R. Evid. 702. "Testimony is properly characterized as 'expert' only if it concerns matters that the average juror is not capable of understanding on [their] own." *United States v. Mejia*, 545 F.3d 179, 194 (2d Cir. 2008).

Mr. Caraballo—in a motion to which Home Depot has not responded—seeks to preclude Home Depot from making any "argument (1) against the plaintiff's damages without the argument being supported by expert opinion and (2) that Plaintiff's vision was diminished before or after the incident leading to this suit by prior existing medical conditions unless the argument is supported by medical evidence." ECF No. 117 at 1. According to the motion, Mr. Caraballo underwent a corneal transplant 15–20 years before the instant action in this case. *Id.* at 3. Mr. Caraballo argues that it would be improper for Home Depot to seek testimony from him "about changes, deterioration of, future medical needs for or permanency related to his prior corneal transplant, as these issues require scientific, technical, or other specialized knowledge, which [he] lacks." *Id.*

He also seeks to preclude Home Depot from eliciting testimony from Mr. Caraballo's treating physicians that is "outside the scope of treatment and beyond the reasonable reading of

medical records." *Id.* at 4. Mr. Caraballo has identified ten treating physicians he plans to call as expert witnesses. *See* Pl.'s Am. Dis. Expert Witnesses, ECF No. 54 (Oct. 18, 2023); Pl.'s Am. Dis. Expert Witnesses, ECF No. 82 (May 9, 2024); Pl.'s Am. Dis. Additional Expert Witnesses, ECF No. 103 (Sept. 19, 2024). He argues that it would be "highly prejudicial to the Plaintiff if Defendant's counsel seeks to elicit testimony from the Plaintiff's treating doctors that is outside the course of treatment and beyond the reasonable reading of medical records." ECF No. 117 at 4.

      The Court disagrees, in part.

      "[A] treating physician need not be explicitly designated as an expert witness under the Federal Rules of Civil Procedure." *Barack v. American Honda Motor Co., Inc.*, 293 F.R.D. 106, 108 (D. Conn. Apr. 18, 2013) (citing *Reilly v. Revlon, Inc.*, 2009 WL 2900252, at *3 (S.D.N.Y. Sept. 9, 2009)) ("Treating physicians do not need to be designated as experts in order to testify. Furthermore, treating physicians, like all other fact witnesses, may give opinion testimony about plaintiff's condition and emotional damages pursuant to Fed. R. Ev. 702."). "The courts in this circuit agree that treating physicians are properly categorized as experts even when they are not required to prepare a Rule 26(a)(2)(B) report." *Benn v. Metro-N. Commuter R.R. Co.*, No. 3:18-CV-737 (CSH), 2019 WL 6467348, at *4 (D. Conn. Dec. 2, 2019).

      "[T]he treating physician may not introduce information provided by other physicians to whom the Plaintiff may have been referred nor may the doctor present any medical reports received from other physicians regarding the Plaintiff or opine on any information provided by another doctor." *Barack*, 293 F.R.D. at 109 (internal quotation marks omitted). "Courts in this Circuit, however, have regularly held that treating physicians may testify as to opinions formed during their treatment, *including causation,* severity, disability, permanency and future

11

impairments, without the obligation to submit an expert report." *Williams v. Regus Mgmt. Grp.*, LLC, 10–cv–8987 (JMF), 2012 WL 1711378, at *3 (S.D.N.Y. May 11, 2012) (emphasis in original).[2]

The Court will reserve judgment on this motion once it identifies how Mr. Caraballo believes this motion would limit the scope of Home Depot's cross-examination of the treating physicians he has identified as experts.

Accordingly, the Court will deny without prejudice to renewal at the pre-trial conference Mr. Caraballo's motion related to his medical conditions.

    2.    *The Motion to Preclude Dr. Rauschenberger.*

Under Federal Rule of Evidence 702,

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

As discussed above, "[t]estimony is properly characterized as 'expert' only if it concerns matters that the average juror is not capable of understanding on his or her own." *Mejia*, 545 F.3d at 194. "It is a well-accepted principle that Rule 702 embodies a liberal standard of admissibility for expert opinions." *Nimely v. City of New York*, 414 F.3d 381, 395 (2d Cir. 2005) (citations omitted).

---

[2] The *Williams* case clarifies that treating physicians are permitted to testify to their opinions regarding "causation, severity, visibility, and future impairments" if they are disclosed as expert witnesses under Rule 26(a)(2)(A), as the ten treating physicians were here, but that treating physicians are not required to submit written reports under Rule 26(a)(2)(B) to testify to such opinions. 2012 WL 1711378, at *3.

12

"Other specialized knowledge" includes "many different kinds of experts, and many different kinds of expertise; and in some cases, the relevant reliability concerns may focus upon personal knowledge or experience." *United States v. Romano*, 794 F.3d 317, 330 (2d Cir. 2015) (citations and quotation marks omitted). To determine whether an expert's "specialized knowledge will assist the trier of fact, *i.e.*, [that it] will be not only relevant, but reliable," courts consider "the theory's testability, the extent to which it has been subjected to peer review and publication, the extent to which a technique is subject to standards controlling the technique's operation, the known or potential rate of error, and the degree of acceptance within the relevant scientific community." *Id.* (citing *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 593–94 (1993)).

"[T]he Rule 702 inquiry [i]s 'a flexible one,'" and "*Daubert* makes clear that the factors it mentions do not constitute a 'definitive checklist or test.'" *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 150 (1999) (quoting *Daubert*, 509 U.S. at 594, 593). "And *Daubert* adds that the gatekeeping inquiry must be 'tied to the facts' of a particular 'case.'" *Id.* at 150 (quoting *Daubert*, 509 U.S. at 591). "[A] trial judge should exclude expert testimony if it is speculative or conjectural or based on assumptions that are so unrealistic and contradictory as to suggest bad faith or to be in essence an apples and oranges comparison." *Zerega Ave. Realty Corp. v. Hornbeck Offshore Transp., LLC*, 571 F.3d 206, 213–14 (2d Cir. 2009) (quotation marks and citation omitted).

An expert's proponent bears the burden of satisfying these requirements. *United States v. Williams*, 506 F.3d 151, 160 (2d Cir. 2007). Specifically, the proponent of the expert testimony must prove by a preponderance of the evidence that it is reliable. *Daubert*, 509 U.S. at 592. "[O]ther contentions that the assumptions are unfounded go to the weight, not the admissibility,

13

of the testimony." *Zerega Ave. Realty Corp.*, 571 F.3d at 213–14 (citations and quotation marks omitted). Criticisms that go to the weight of the evidence, rather than admissibility, are "matters for cross-examination and argument to the jury." *Romano*, 794 F.3d at 333 (2d Cir. 2015).

Mr. Caraballo moves to disqualify Home Depot's human factors expert, Dr. Rauschenberger. He argues (1) that Dr. Rauschenberger is unqualified to testify as an expert in this case because he does not have any demonstrable experience in "accidental construction or the biomechanics of strapped boxed tiles display, construction or movements," ECF No. 122 at 6; (2) that his opinions regarding the "foreseeability" of Mr. Caraballo's injury should be barred as they bear on the "'ultimate issues'" of the case, *id.* at 10; (3) that his opinion is irrelevant under Federal Rule of Evidence 701 because it is "not based in science or fact," *id.* at 12, and (4) and that "[a]ny evidence and/or testimony relating to an assertion that Plaintiff could and should have chosen a different method of accessing the boxed tiles to avoid the alleged incident contains speculation, is highly prejudicial, is not predicated on any fact and would mislead and confuse the jury," in violation of Federal Rule of Evidence 403, *id.* at 13.

Home Depot responds that, first, his conclusions about "foreseeability" are factual, not legal, and that issues are foreseeability and reasonableness are questions of fact for a jury. ECF No. 126 at 3–4. Second, Home Depot argues that Dr. Rauschenberger is qualified to testify as an expert on "human factors opinions relating to how customers like Caraballo behave" *id.* at 5, and that he did not offer any opinions on the topics of accident reconstruction or biomechanics, *id.* Third, it argues that Dr. Rauschenberg's opinions are based in science and fact and that questions regarding his methods and research go to the weight of evidence, rather than any admissibility, and is thus "a subject for cross-examination, but not grounds for exclusion." *Id.* at 8–10 (citations omitted). Fourth, it argues that Dr. Rauschenberger's opinions are highly probative because

"[t]hey explain to the jury the effect, or lack thereof, of warnings and instructions and explain to the jury how a reasonable consumer in Caraballo's position could behave based on years of scientific testing and analysis," *id.* at 11.

The Court agrees, in part.

Dr. Rauschenberger obtained his Ph.D. in cognitive psychology from The Johns Hopkins University, and for over two decades has conducted research on how humans process information. ECF No. 122 at 16. According to his CV, his career has included decades of researching, speaking engagements, and publications on, *inter alia*, human factors in product liability and design, human perception of visual displays, and how humans perceive warnings and safety information. *Id.* at 33–36. Furthermore, he has been allowed to testify under Federal Rule of Evidence 702 as a "human factors expert" in previous federal trials. *See Rosenberg v. CCS Commercial, LLC*, NO. C17-476 (MJP), 2018 WL 3105988, at *4–*5 (W.D. Wash. June 25, 2018) (denying a motion to strike Dr. Rauschenberger's expert declaration); *Schechner v. Whirlpool Corp.*, No. 2:16-cv-12409 (SJM), 2019 WL 978934, at *14 (E.D. Mich. Feb. 28, 2019) ("Dr. Rauschenberger has valid psychological expertise and his testimony can assist the trier of fact. *See* Fed. R. Evid. 702. The value of his human-factors expertise—and asserted lack of cleaning experience—in a cleaning experiment goes to the weight, not the admissibility, of his opinion. The Court will overrule Plaintiffs' objection and deny Plaintiffs' motion to strike Dr. Rauschenberger's opinions.").

The trial court's responsibility is to "ensure the reliability and relevancy of expert testimony" and not to "weigh the correctness of an expert's opinion, or to choose between confliction opinions, or to analyze and study the science in question[.]" *Travelers Prop. & Cas. Corp. v. Gen. Elec. Co.*, 150 F. Supp. 2d 360, 364 (D. Conn. 2001) (citing *Kumho Tire*, 526 U.S.

at 152. Dr. Rauschenberg will be permitted to testify and offer his expert opinions on the subject of human factors, including how consumers like Mr. Caraballo behave with or without warnings and instructions.

Dr. Rauschenberg, however, will not be permitted to offer testimony that provides legal conclusions. *See United States v. Rankin*, 3:18-cr-272 (JAM), 2021 WL 5563996, *2 (D. Conn. Nov. 27, 2021) ("Although it is true that an expert opinion 'is not objectionable just because it embraces an ultimate issue,' Fed. R. Evid. 704, it is ordinarily improper for an expert to testify on an ultimate legal conclusion or communicate a legal standard—explicit or implicit—to the jury." (citing *Hygh v. Jacobs*, 961 F.2d 359, 363-64 (2d Cir. 1992) and *United States v. Bilzerian*, 926 F.2d 1285, 1294 (2d Cir. 1991)). Whether Mr. Caraballo's injury was "foreseeable" strays perilously close to one of the ultimate issues of this case: whether Mr. Caraballo's injury was reasonably foreseeable by Home Depot. *See Kelly v. Stop and Shop, Inc.*, 918 A.2d 249, 263 (Conn. 2007) ("[O]rdinary and foreseeable activities of patrons, not amounting to independent acts of negligence, should not result in injury to fellow patrons or themselves; and a merchant is negligent if he has so arranged his merchandise that such activities can cause merchandise to fall resulting in injury." (citing *Meek v. Wal-Mart Stores, Inc.*, 806 A.2d 546, 557 (Con. App. Ct. 2002)).

Dr. Rauschenberg first opinion that, "[b]ased upon a lack of known prior similar incidents, the absence of scientific literature discussing the underlying mode of injury, and a dearth of even remotely related events in publicly injury databases . . . it was therefore appropriate [for Home Depot] not to provide warning against the alleged hazard of unintentionally punching oneself in the eye while attempting to pull merchandise off the display shelf using a packaging strap," ECF No. 122 at 26, is relevant and admissible. He will not be

16

permitted, however, to say that "the subject incident was not foreseeable by Home Depot." *Id.* At best, he may testify that, in his opinion, "[b]ased upon a lack of known prior similar incidents, the absence of scientific literature discussing the underlying mode of injury, and a dearth of even remotely related events in publicly injury database, it was therefore appropriate [for Home Depot] not to provide warning against the alleged hazard of unintentionally punching oneself in the eye while attempting to pull merchandise off the display shelf using a packaging strap."

Nor will he be permitted to offer opinions based on conjecture. *See United States v. Jones*, 965 F.3d 149, 162 (2d Cir. 2020) ("A decision to admit [expert testimony] can be manifestly erroneous, for example, if the 'expert opinion is based on data, a methodology, or studies that are simply inadequate to support the conclusions reached,' ... or if the opinion 'is speculative or conjectural, ... or if it is based on assumptions that are so unrealistic and contradictory as to suggest bad faith or to be in essence an apples and oranges comparison[.]'" (citations omitted)).

In Dr. Rauschenberg's second and third opinions, he opines on how Mr. Caraballo "would have" behaved in the presence of warnings and the other options available to Mr. Caraballo. ECF No. 122 at 26. But drawing conclusions about what Mr. Caraballo would have done is speculative. At best, Dr. Caraballo can opine on how "consumers" or "consumers like Mr. Caraballo," generally behave, rather than speculating as to how Mr. Caraballo himself would have behaved.

Accordingly, Dr. Rauschenberg may testify as an expert, but any such testimony will be limited, consistent with this Ruling and Order.

## IV. CONCLUSION

For the foregoing reasons, these motions *in limine* have been addressed as follows:

Home Depot's motion *in limine*, ECF No. 113 to bifurcate the case into separate trials on the issues of liability and damages, is **DENIED** without prejudice to renewal following the pre-trial conference.

Home Depot's motion *in limine*, ECF No. 115 to exclude certain evidence, testimony, or arguments is **GRANTED.**

Home Depot's motion *in limine*, ECF No. 116, to exclude certain exhibits from the Plaintiff's trial exhibit list is **GRANTED.**

Home Depot's motion *in limine*, ECF No. 145, to exclude certain exhibits from the Plaintiff's amended trial exhibit list is **GRANTED.**

Home Depot's motions *in limine*, ECF Nos. 124, 125, to quash certain subpoenas are **GRANTED.**

Mr. Caraballo's motion *in limine*, ECF No. 117, to exclude certain medical opinion evidence is **DENIED** without prejudice to renewal.

Mr. Caraballo's motion *in limine*, ECF No. 112, to exclude certain testimony by Dr. Rauschenberger is **GRANTED in part** and **DENIED in part.**

**SO ORDERED** at New Haven, Connecticut, this 10th day of June, 2025.

/s/ Victor A. Bolden
Victor A. Bolden
United States District Judge